33158. SIMPSON *et al. v.* STATE OF GEORGIA.

GARDNER, J. (a) The solicitor-general of the superior court filed proceedings in Lumpkin County to condemn a 1941 Chevrolet automobile, motor number 350951. The petition alleged the vehicle to be the property of Ernest Adams, H. C. Fowler, and Brown & White Cab Company, and used by them in transporting, possessing and removing intoxicating liquors and beverages in Lumpkin County in violation of the law. Brown & White Cab Company filed a claim and intervention, alleging that the said company was a partnership, composed of Cecil Fountain and Hoyt C. Simpson, and that the motor vehicle belonged to the Brown & White Cab Company.

It is further alleged in the intervention that Ernest Adams was employed as a driver of the said vehicle but that neither of the occupants had any interest in the vehicle so seized, and that the illegal use of the vehicle was without the knowledge or consent of the intervenors. The case was tried before a jury. Evidence was introduced by the State and by the intervenors. After the evidence was closed and the State and the defendant had rested their case, the court on motion of the solicitor-general, directed a verdict in favor of the State condemning the motor vehicle. The claimant filed exceptions pendente lite to the judgment of the court directing the verdict and thereafter filed a motion for a new trial on the general grounds and several special grounds. The court overruled the motion for a new trial and the defendants assigned error on this judgment, as well as on the exceptions pendente lite.

(b) The State's evidence showed that at the time the officer seized the car it was being driven by Ernest Adams, and H. C. Fowler was riding with Adams. The car contained 36 gallons of non-tax-paid whisky. It was being driven through Dahlonega, Georgia, on Highway number 52. There is no contention on the part of the intervenors that the car, at the time it was seized by the officers conveying contraband liquors, was not being used illegally as charged in the proceedings. The contention is made, however, (1) that the illegal use of the motor vehicle

was without the knowledge, connivance or consent of the owners (intervenors) expressed or implied. The intervenors made no attempt to show that the vehicle so seized was legally registered with the State Motor Vehicle Department in the true name and address of such owner or other predecessors in title. As the law exists in such a proceeding as here, when the State shows the illegal use of the vehicle, the burden then shifts to the intervenors to show that the illegal use of the automobile was without their knowledge, connivance or consent, expressed or implied. *Liberal Finance Co.* v. *State of Ga.,* 80 *Ga. App.* 697 (1) (57 S. E. 2d, 220). But that is not all the owners of the automobile or the intervenors must show. Under the act of the General Assembly (Ga. L. 1946, pp. 96, 99; Code, Ann. Supp., § 58-207 (g)) the intervenors must also show that "The property seized, if a motor vehicle, was legally registered with the State Motor Vehicle Department in the true name and address of such owner or his predecessor in title, unless the vehicle be a new vehicle bought from a dealer within 30 days of the time of seizure." The intervenors made no effort to show that the motor vehicle was so registered as the law requires. Nor that it had been purchased from a dealer within thirty days from the time of the seizure. The intervenors having failed to produce evidence with reference to such registration, failed· to carry the burden which the law requires in such cases, and the court did not err in directing a verdict. It was the only legal verdict to be rendered. under the evidence. It is true that the intervenors attempted to prove that they were the owners of the car, but nothing in the record revealed that they met the requirements of the statute to enable them to prevail. If we may concede that the car was being illegally used without the knowledge, connivance or consent, expressed or implied of the owner, yet there is no evidence at all of compliance with the other requirements of the statute regarding registration. We think that the amendment to the law embraced in the act of 1946, supra, is an expedient one which adds much to the enforcement of the statute as to such illegal transportation of contraband liquors. In view of what we have said, we deem it unnecessary to discuss any of the other assignments of error.

Counsel for the intervenors asked the court to review and reverse the case of *Liberal Finance Co.* v. *State of Georgia,* 80 *Ga. App.* 697 (supra). This we decline to do.

The court did not err in overruling the assignments of error on the exceptions pendente lite nor in the judgment overruling the motion for a new trial for any of the reasons asasigned.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*

Decided July 14, 1950. Rehearing denied July 28, 1950.

*Ed Quillian,* for plaintiff in error.
*Jeff C. Wayne, Solicitor-General, Howard T. Overby,* contra.